```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
                        Civil No. 12-1001(DSD)
```

Randall L. Seaver,

       Plaintiff,

v.                                                           **ORDER**

Michelle Ann Klein-Swanson,

       Defendant.

> Matthew D. Swanson, Esq. and Fuller, Seaver & Ramette, P.A., 12400 Portland Avenue South, Suite 132. Burnsville, MN 55337, counsel for plaintiff.
>
> Barbara J. May, Esq. and Barbara J. May Law Firm, 2780 North Snelling, Suite 102, Roseville, MN 55113, counsel for defendant.

This matter is before the court upon the motion to dismiss Counts I and II by plaintiff Randall L. Seaver (Trustee), trustee of the bankruptcy estate of defendant Michelle Ann Klein-Swanson and Scott Lawrence Swanson (Debtors) and objection to the March 9, 2012, report and recommendation of the bankruptcy judge. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion to dismiss is granted.

**BACKGROUND**

This bankruptcy dispute arises out of undeclared bonuses received by Klein-Swanson. On January 19, 2009, Debtors filed a voluntary Chapter 7 petition. The bankruptcy court entered an order discharging their debts on April 23, 2009.

Around that time, Klein-Swanson, an executive at IBM, received two bonuses, which form the basis of the present adversary action. First, Klein-Swanson received a quarterly Excellence Award of $8,000 in February 2009, for work performed in the fourth quarter of 2008.  In March 2009, Klein-Swanson also received an annual Growth Driven Profit bonus of $16,072 for work performed in 2008. Klein-Swanson disclosed her potential eligibility for the bonuses, but did not disclose her receipt of the bonuses to Trustee.

In February 2011, Trustee filed the present five-count adversary action against Klein-Swanson.  Count I is titled conversion and states: "The $8,000 Excellence Award and $16,072 GDP Bonus are attributable to work performed prior to the Debtor's filing and are accordingly property of the estate pursuant to 11 U.S.C. 541."  Compl. ¶ 22.  Count II alleges civil theft under Minnesota Statutes § 604.14.  Count III alleges theft and treble damages under Minnesota Statutes § 548.05.  Count IV alleges avoidable post-petition transfer under 11 U.S.C. § 549 and Count V seeks revocation of discharge under 11 U.S.C. § 727(d)(2).

On July 20, 2011, the bankruptcy court heard argument on a motion for partial summary judgment as to Count I by Trustee and a motion for summary judgment by Klein-Swanson.  The bankruptcy court found that Trustee was "entitled to partial summary judgment on the first count of his complaint, i.e. the count sounding under 11 U.S.C. 541."  Order, <u>Seaver v. Klein-Swanson</u>, No. 11-ADV-4040,

(Bankr. D. Minn. July 21, 2011). The bankruptcy court also held that there was no genuine dispute "that the bonuses in the amount of $24,072 received postpetition by Defendant Michelle Ann Klein-Swanson are property of the bankruptcy estate." Id. at 1. Thus the bankruptcy court treated this fact as established under Federal Rule of Civil Procedure 56(g). Id.; see Fed. R. Civ. P. 56(g); Fed. R. Bankr. P. 7056.

Following trial, the bankruptcy court issued findings of fact, conclusions of law and an order for judgment on Counts IV and V and a report and recommendation on Count I and II.[1] Klein-Swanson objected to the report and recommendation. Trustee moves to dismiss Counts I and II as duplicative of the relief granted in Count IV and to avoid possible separation-of-powers issues under Stern v. Marshall, 131 S. Ct. 2594 (2011).

**DISCUSSION**

**I.   Voluntary Dismissal**

After an opposing party moves for summary judgment, an action may be voluntarily dismissed only by a stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court has broad discretion to grant voluntary dismissal, and in exercising its discretion considers "whether the party has

---

[1] Trustee withdrew Count III before trial.

presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort and whether a dismissal will prejudice the defendants. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted). "Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Id. (citations omitted).

In the present case, Trustee argues that dismissal has no effect on the relief awarded and that he seeks dismissal to avoid an unnecessary constitutional issue. Klein-Swanson argues that Trustee is seeking to avoid an adverse ruling, were the court to determine that Count I is a state-law claim for which the bankruptcy court lacked authority to enter a final judgment. See Stern, 131 S. Ct. at 2611 (holding that bankruptcy court lacks authority to "enter final judgment on a state common law claim"). But even if the court were to make such a ruling, the determination that the bonuses are property of the bankruptcy estate is not a final judgment on a state claim: it is separate from the grant of partial summary judgment and is purely a question of federal bankruptcy law under 5 U.S.C. § 541. As a result, defendant's argument fails.

Klein-Swanson next argues that she will be prejudiced because Trustee "used [Counts I and II] to leverage the proceeding before the bankruptcy court" and "the condition plaintiff seeks to have

4

imposed on the dismissal is prejudicial...." Def's Mem. Opp'n 6. The court finds no basis for the assertion that the state-law claims were somehow used as leverage against the bankruptcy court. Even if such leverage existed, dismissal of those claims has no prejudicial effect on Klein-Swanson because each of the claims reaches the same result as Count IV: the bonuses are the property of the estate.

Lastly, the court finds that granting the dismissal would not waste judicial time and effort. Instead, it would save substantial time and effort for this court and the bankruptcy court. Therefore, the court finds that voluntary dismissal of Counts I and II is proper.

**II.  Rule 56(g) Ruling**

Dismissal of Count I has no effect on the Rule 56(g) determination that the bonuses are property of the estate under 11 U.S.C. § 541. That determination is separate from the grant of partial summary judgment as to Count I because the bankruptcy court independently found there to be no genuine dispute about whether the two bonuses at issue are property of the bankruptcy estate. Therefore, the determination that the bonuses are property of the bankruptcy estate remains established for purposes of the adversary proceeding.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 4] is granted;

2. Counts I and II are dismissed with prejudice;

3. Dismissal of Counts I and II have no effect on the Rule 56(g) determination that "the bonuses in the amount of $24,072 received postpetition by Defendant Michelle Ann Klein-Swanson are property of the bankruptcy estate";

4. Defendant's objections to the report and recommendation are denied as moot; and

5. This action is remanded to the bankruptcy court for entry of judgment on Counts IV and V.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 17, 2012

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court